IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN FAWLEY, #320139 | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. AW-05-2801 |
| EXSPUNCTION OF F.B.I. RECORDS | * | |
| Respondent. | * | |

******

**MEMORANDUM**

On or about October 10, 2005, John Fawley, an inmate at the Western Correctional Institution in Cumberland, Maryland, filed this action seeking to compel the "exspuntion of F.B.I. records." Paper No. 1 at 4. Fawley provides no statement of claim, but states "I didn't do the crime they said I did." *Id*. As he appears indigent, Fawley's Motion to Proceed In Forma Pauperis shall be granted

Because Fawley seeks to compel a federal agency to take action, his cause of action has been construed as a 28 U.S.C. § 1361 Petition for Writ of Mandamus. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, Petitioner must show that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *National Association of Government Employees v. Federal Labor Relations*

*Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.  *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975).  A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.  *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

This Petition shall be dismissed without prejudice.  Petitioner plainly believes that unidentified federal records contain unspecified erroneous information regarding his criminal history.  He has failed to state what records and what crime are at issue.  Due to the insufficiency of this information, the court finds that Petitioner has, at present, failed to meet the above established criteria for issuing mandamus relief.  He has not shown that: (i) he has a constitutional right to the relief he seeks; (ii) he has no alternative remedies to the relief he seeks, or (iii) the F.B.I. has a clear ministerial duty to expunge the "records."

A separate Order shall be entered dismissing this cause of action.

Date: <u>October 25, 2005</u>                              <u>       /s/               </u>
                                                           Alexander Williams Jr.
                                                           United States District Judge